IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| ALENE BOWIE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CAUSE NO. 1:25-cv-441 |
| | ) | |
| GIFTED TOUCH, LLC and PATRICE | ) | |
| PADRON, | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT FOR DAMAGES

Plaintiff, Alene Bowie, for her Complaint against Defendants, Gifted Touch, LLC ("GT")

and Patrice Padron, states the following:

### I.  Parties

1.     Plaintiff is a resident of Indianapolis, Indiana.

2.     GT is a limited liability company located in Indianapolis, Indiana.

3.     Mrs. Padron is a member of GT.

4.     Mrs. Padron is the sole member of GT.

5.     Mrs. Padron manages GT

6.     Mrs. Padron decided the compensation of Plaintiff.

7.     Mrs. Padron directed ADP what to pay Plaintiff.

### II.  Jurisdiction and Venue

8.     This court has jurisdiction to hear this claim pursuant to 28 U.S.C. §1331, in that

the claims arise under the laws of the United States.  Specifically, Plaintiff brings this action to

enforce her rights under the FLSA.

Page 1 of 4

8.5    This court has jurisdiction to hear these state claims pursuant to the court's supplemental jurisdiction under 28 U.S.C. §1367.

9.    Venue in the Southern District of Indiana, Indianapolis Division, is appropriate by virtue Defendants doing business in this District.

### III.  Factual Allegations

10.    Plaintiff was an employee of Defendants.

11.    Plaintiff began working for Defendants in January 2022.

12.    Plaintiff worked for Defendants as a home health care provider.

13.    Defendants agreed to pay Plaintiff on an hourly basis.

14.    Defendants agreed to pay Plaintiff $14.00 per hour.

15.    Defendants paid Plaintiff on a weekly basis.

16.    Plaintiff worked overtime hours for Defendants that she was not paid overtime premiums.

17.    Plaintiff worked overtime hours for Defendants that he was not paid for the overtime hours in the correct amount.

18.    Defendants willfully failed to pay Plaintiff her overtime premiums.

19.    Defendants willfully failed to pay Plaintiff her overtime hours in the correct amount.

20.    Plaintiff's work assignment ended in June 2022.

### III.    Cause of Action

**Count I**
**Failure to Pay Overtime Hours and Overtime Premium Wages**
**Pursuant to the FLSA, 29 U.S.C. §201 *et. seq.***

21.    Plaintiff incorporates paragraphs 1 through 20 by reference herein.

22. Plaintiff was an employee of GT pursuant to the FLSA.

23. Plaintiff was an employee of Mrs. Padron pursuant to the FLSA.

24. Mrs. Padron is an employer pursuant to the FLSA.

25. GT had gross revenues of at least $500,000.00 for the 2021 calendar year.

26. GT had gross revenues of at least $500,000.00 for the 2022 calendar year.

27. Mrs. Padron determined the number of hours to pay Plaintiff each week.

28. Mrs. Padron determined whether to pay Plaintiff overtime premiums each week.

29. Defendants' violations of the FLSA have damaged Plaintiff.

WHEREFORE, Plaintiff prays that the Court enter a Judgment in favor of Plaintiff and against Defendants in an amount to compensate Plaintiff, liquidated damages, prejudgment interest, attorney fees, costs of this action, and for all other relief which is just and proper in the premises.

Respectfully submitted,

WELDY LAW

/s/Ronald E. Weldy
Ronald E. Weldy, #22571-49

**Count II**
**Indiana's Minimum Wage Statute**
**Alternative Claim**

30. Plaintiff incorporates paragraphs 1 through 29 by reference herein.

31. Plaintiff was an employee of Defendants pursuant to Indiana's Minimum Wage Statute.

32. GT is an employer pursuant to Indiana's Minimum Wage Statute.

33. Mrs. Padron is an employer pursuant to Indiana's Minimum Wage Statute.

34.     Defendants failed to properly pay overtime premiums for all hours over 40 hours in a workweek.

35.     Defendants failed to properly pay overtime hours for all hours worked over 40 hours in a workweek.

36.     Defendants' violations of Indiana's Minimum Wage Statute have damaged Plaintiff.

WHEREFORE, Plaintiff prays that the Court enter a Judgment in favor of Plaintiff and against Defendant in an amount to compensate Plaintiff, liquidated damages, prejudgment interest, attorney fees, costs of this action, and for all other relief which is just and proper in the premises.

Respectfully Submitted,

WELDY LAW

/s/Ronald E. Weldy
Ronald E. Weldy, #22571-49

## IV.    Jury Demand

37.     Plaintiff incorporates paragraphs 1 through 48 by reference herein.

38.     Plaintiff demands a trial by jury.

Respectfully submitted,

WELDY LAW

/s/Ronald E. Weldy
Ronald E. Weldy, #22571-49
Counsel for Plaintiff,
Alene Bowie

Weldy Law
11268 Governors Lane
Fishers, IN 46037
Tel: (317) 842-6600
E-mail: rweldy@weldylegal.com