UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ALENE BOWIE, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
|     vs. | ) CASE NO. 1:25-cv-00441-TWP-MKK |
| | ) |
| GIFTED TOUCH, LLC, and | ) |
| PATRICE PADRON, | ) |
| | ) |
|     Defendants. | ) |

## ANSWER TO PLAINTIFF ALENE BOWIE COMPLAINT FOR DAMAGES

Gifted Touch Home Healthcare LLC ("Gifted Touch") and Patrice Padron ("Mrs. Padron") (collectively "Defendants"), by counsel, for their Answer to Plaintiffs' Amended Complaint, state as follows:

Defendants assert the following responses and defenses set forth below, and in doing so, do not concede that they have the burden of proof as to all such defenses. Defendants reserve the right to assert additional defenses or amend any defenses set forth below upon discovery of facts not presently known:

## I. PARTIES

1.    Plaintiff alleges that she is a resident of Indianapolis, Indiana.

**ANSWER:** Defendants lack sufficient information to admit or deny this allegation and therefore deny the same.

2.    Plaintiff alleges that GT is a limited liability company located in Indianapolis, Indiana.

**ANSWER:** Defendants admit the allegation.

3.      Plaintiff alleges that Mrs. Padron is a member of GT.

**ANSWER:** Defendants admit the allegation.

4.      Plaintiff alleges that Mrs. Padron is the sole member of GT.

**ANSWER:** Defendants admit the allegation.

5.      Plaintiff alleges that Mrs. Padron manages GT.

**ANSWER:** Defendants admit the allegation.

6.      Plaintiff alleges that Mrs. Padron decided the compensation of

Plaintiff.

**ANSWER:** Defendants deny this allegation.

7.      Plaintiff alleges that Mrs. Padron directed ADP what to pay Plaintiff.

**ANSWER:** Defendants deny this allegation.

## II. <u>JURISDICTION AND VENUE</u>

8.      Plaintiff alleges that this Court has jurisdiction to hear this claim

pursuant to 28 U.S.C. § 1331, as the claims arise under the laws of the United

States, specifically under the FLSA.

**ANSWER:** Defendants admit that this Court has subject matter jurisdiction over

claims arising under the FLSA, but deny any allegations suggesting liability under

the statute.

8.5      Plaintiff alleges that this Court has jurisdiction over state claims

pursuant to supplemental jurisdiction under 28 U.S.C. § 1367.

**Answer:** Defendants admit that this Court has jurisdiction under 28 U.S.C. § 1367

with respect to state law claims accompanying valid federal claims.

9.    Plaintiff alleges that venue is proper in the Southern District of Indiana, Indianapolis Division, by virtue of Defendants doing business in this District.

**ANSWER:** Defendants admit that venue is proper in the Southern District of Indiana, Indianapolis Division, but deny any implication of wrongdoing in connection to venue.

### III. <u>FACTUAL ALLEGATIONS</u>

10.    Plaintiff alleges that she was an employee of Defendants.

**ANSWER:** Defendants deny this allegation.

11.    Plaintiff alleges that she began working for Defendants in January 2022.

**ANSWER:** Defendants deny this allegation.

12.    Plaintiff alleges that she worked for Defendants as a home health care provider.

**ANSWER:** Defendants deny this allegation.

13.    Plaintiff alleges that Defendants agreed to pay her on an hourly basis.

**ANSWER:** Defendants deny this allegation.

14.    Plaintiff alleges that Defendants agreed to pay her $14.00 per hour.

**ANSWER:** Defendants deny this allegation.

15.    Plaintiff alleges that Defendants paid her on a weekly basis.

**ANSWER:** Defendants deny this allegation.

16.    Plaintiff alleges that she worked overtime hours for Defendants for which she was not paid overtime premiums.

**ANSWER:** Defendants deny this allegation.

17.    Plaintiff alleges that she worked overtime hours for Defendants but was not paid for the overtime hours in the correct amount.

**ANSWER:** Defendants deny this allegation.

18.    Plaintiff alleges that Defendants willfully failed to pay her overtime premiums.

**ANSWER:** Defendants deny this allegation.

19.    Plaintiff alleges that Defendants willfully failed to pay her overtime hours in the correct amount.

**ANSWER:** Defendants deny this allegation.

20.    Plaintiff alleges that her work assignment ended in June 2022.

**ANSWER:** Defendants deny this allegation.

### IV. <u>CAUSE OF ACTION</u>

**Count I: Failure to Pay Overtime Hours and Overtime Premium Wages Pursuant to the FLSA**

21.    Plaintiff incorporates paragraphs 1 through 20 by reference herein.

**ANSWER:** Defendants incorporate their answers to paragraphs 1 through 20 as though fully stated herein.

22.    Plaintiff alleges that she was an employee of GT pursuant to the FLSA.

**ANSWER:** Defendants deny this allegation.

23.    Plaintiff alleges that she was an employee of Mrs. Padron pursuant to the FLSA.

**ANSWER:** Defendants deny this allegation.

24.    Plaintiff alleges that Mrs. Padron is an employer pursuant to the FLSA.

**ANSWER:** Defendants deny this allegation.

25.    Plaintiff alleges that GT had gross revenues of at least $500,000.00 for the 2021 calendar year.

**ANSWER:** Defendants deny this allegation.

26.    Plaintiff alleges that GT had gross revenues of at least $500,000.00 for the 2022 calendar year.

**ANSWER:** Defendants deny this allegation.

27.    Plaintiff alleges that Mrs. Padron determined the number of hours to pay Plaintiff each week.

**ANSWER:** Defendants deny this allegation.

28.    Plaintiff alleges that Mrs. Padron determined whether to pay Plaintiff overtime premiums each week.

**ANSWER:** Defendants deny this allegation.

29.    Plaintiff alleges that Defendants' violations of the FLSA have damaged her.

**ANSWER:** Defendants deny this allegation.

### Count II: Indiana's Minimum Wage Statute (Alternative Claim)

30.    Plaintiff incorporates paragraphs 1 through 29 by reference herein.

**ANSWER:** Defendants incorporate their answers to paragraphs 1 through 29 as though fully stated herein.

31.    Plaintiff alleges that she was an employee of Defendants pursuant to Indiana's Minimum Wage Statute.

**ANSWER:** Defendants deny this allegation.

32.    Plaintiff alleges that GT is an employer pursuant to Indiana's Minimum Wage Statute.

**ANSWER:** Defendants deny this allegation.

33.    Plaintiff alleges that Mrs. Padron is an employer pursuant to Indiana's Minimum Wage Statute.

**ANSWER:** Defendants deny this allegation.

34.    Plaintiff alleges that Defendants failed to properly pay overtime premiums for all hours over 40 hours in a workweek.

**ANSWER:** Defendants deny this allegation.

35.    Plaintiff alleges that Defendants failed to properly pay overtime hours for all hours worked over 40 hours in a workweek.

**ANSWER:** Defendants deny this allegation.

36.    Plaintiff alleges that Defendants' violations of Indiana's Minimum Wage Statute have damaged her.

**ANSWER:** Defendants deny this allegation.

## V. JURY DEMAND

37.     Plaintiff incorporates paragraphs 1 through 36 by reference herein.

**Answer:** Defendants incorporate their answers to paragraphs 1 through 36 as though fully stated herein.

38.     Plaintiff demands a trial by jury.

**Answer:** Defendants admit that Plaintiff has requested a trial by jury.

## PRAYERS FOR RELIEF

Defendants deny that Plaintiff is entitled to any of the relief requested, including compensatory damages, liquidated damages, prejudgment interest, attorney fees, costs of this action, or any other relief.

## AFFIRMATIVE DEFENSES

Without waiving or diminishing the denials and responses made above, Defendants assert the following affirmative defenses:

1.     Plaintiff's Complaint fails to state a claim upon which relief can be granted.

2.     At all relevant times, Defendants acted in good faith and in compliance with applicable laws, including the FLSA and Indiana's Minimum Wage Statute.

3.     At all relevant times, Plaintiff was properly classified under the FLSA and/or Indiana's Minimum Wage Statute.

4.     Defendants did not engage in any willful violations of the FLSA or any other applicable laws.

5.     Plaintiff's claim for unpaid overtime under the FLSA is barred, in

whole or in part, by the applicable statute of limitations under 29 U.S.C. § 255(a).

6.      Any recovery to which Plaintiff may be entitled must be reduced or offset by wages, payments, or benefits already provided by Defendants.

7.      Plaintiff's claims are barred, in whole or in part, by the doctrines of estoppel and/or waiver.

8.      Failure to Mitigate Damages: Plaintiff failed to mitigate her alleged damages, if any.

Defendants reserve the right to amend or assert additional affirmative defenses as discovery progresses.

Respectfully submitted,

*/s/ Erik Johnson*
Erik Johnson, # 24964-49
Paul Jefferson, # 23939-49
Russell Hollis, # 34638-49
SLS Group, LLC
550 Congressional Blvd, Suite 350
Carmel, IN 46032
Office: 765-222-5052
Email: ejohnson@slsgroup.law
Email: pjefferson@slsgroup.law
Email: rhollis@slsgroup.law

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing was filed electronically this 16th day of May 2025. Notice of this filing will be sent to all parties registered to receive such notice by operation of the Court's electronic filing system and/or by USPS First Class Mail with postage prepaid when necessary.

*/s/ Erik Johnson*
Erik Johnson, # 24964-49
Paul Jefferson, # 23939-49
Russell Hollis, # 34638-49
SLS Group, LLC
550 Congressional Blvd, Suite 350
Carmel, IN 46032
Office: 765-222-5052
Email: ejohnson@slsgroup.law
Email: pjefferson@slsgroup.law
Email: rhollis@slsgroup.law