UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ALENE BOWIE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:25-cv-00441-TWP-MKK |
| ) | |
| GIFTED TOUCH, LLC, ) | |
| PATRICE PADRON, ) | |
| ) | |
| Defendants. ) | |
| _____) | |
| ) | |
| MISTY BECRAFT 1:25-cv-00515-TWP-MKK, ) | |
| MARIAH VAZQUEZ on behalf of Themselves ) | |
| and All Others Similarly Situated; consolidated ) | |
| from 1:25-cv-00515-TWP-MKK, ) | |
| ) | |
| Consol Plaintiffs. ) | |

**ENTRY ON PLAINTIFFS' MOTION FOR CONDITIONAL CERTIFICATION**

This matter is before the Court on a Motion for Conditional Certification filed by Plaintiffs Alene Bowie ("Bowie"), Misty Becraft ("Becraft"), and Mariah Vazquez ("Vazquez"), (collectively, "Plaintiffs") (Filing No. 57). Plaintiffs initiated this action to recover overtime wages for non-exempt individuals employed by Defendants Gifted Touch, LLC ("Gifted Touch") and Patrice Padron (collectively, "Defendants") who were allegedly unpaid or underpaid in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et. seq*. Plaintiffs ask the Court to grant a collective action and approve their proposed opt-in and opt-in notice form. For the reasons that follow, the Motion is **granted** pursuant to the modifications contained in this Entry.

**I.     BACKGROUND**

Gifted Touch is a limited liability company located in Indianapolis, Indiana (Filing No. 1 at 1). Defendant Patrice Padron is the sole member of Gifted Touch. *Id*.

Bowie worked for Gifted Touch as a home health care provider on an hourly basis from January 2022 to June 2022. *Id*. at 2. Bowie worked overtime hours for Gifted Touch but alleges that she was not paid overtime premiums nor paid the correct amount for her overtime hours. *Id*. Vasquez began working for Gifted Touch in September 2022 as a home health aide on an hourly basis (Filing No. 58 at 2). Becraft began working for Gifted Touch in August 2023 as a home health aide on an hourly basis. *Id*. at 1–2. Both Becraft and Vasquez worked over forty hours in certain workweeks during their employment with Gifted Touch but were allegedly never paid overtime premiums for those overtime hours. *Id*. Vasquez and Becraft terminated their employment with Gifted Touch in September 2023 and February 2025, respectively. *Id*.

On March 6, 2025, Bowie initiated this action against the Defendants alleging violations of the FLSA (Filing No. 1). On March 18, 2025, Becraft and Vasquez initiated a member case, 1:25-cv-00515-TWP-MKK, on behalf of themselves and all others similarly situated against the Defendants alleging similar violations. The Defendants filed a motion to consolidate the cases, (Filing No. 26), which the Court granted (Filing No. 27).

On November 20, 2025, the Plaintiffs filed the instant Motion for Conditional Certification (Filing No. 58). Plaintiffs request that the Court grant conditional certification of their FLSA claim, approve their proposed notice to potential opt-in plaintiffs ("Notice"), approve sending the Plaintiffs' proposed Notice via US mail, e-mail, and text message, and approve their consent to join collective action form ("Opt-In Form"). *Id*. at 7.

Defendants do not object to this case proceeding as a collective action nor do they object to providing notice to the putative class members (Filing No. 60 at 1). However, they object to the content and form of the Plaintiffs' proposed Notice. *Id*. The Defendants also state that the parties need to agree on how the Notice should be sent. *Id*.

The Court then ordered the Defendants to file their proposed class definition, Notice and Opt-In Form so that it may properly rule on the instant Motion (Filing No. 67). Defendants subsequently complied with the Court's order (Filing No. 70).

## II.     LEGAL STANDARD

Under the FLSA, an employee is permitted to maintain a collective action for "unpaid overtime compensation . . . for and in behalf of himself . . . and other employees similarly situated." 29 U.S.C. § 216(b). "Such a collective action differs significantly from a Rule 23 class action. Potential class members in a collective action must affirmatively opt-in to be bound, while in a Rule 23 action they must *opt out* [to] not be bound." *Cheesman v. Nexstar Broad. Group, Inc.*, No. 07CV360, 2008 U.S. Dist. LEXIS 42265, at *2 (S.D. Ind. May 27, 2008) (emphasis in original). The standards governing class certification under Rule 23 are not applicable to FLSA collective actions. *Id*. Courts in the Seventh Circuit engage in a two-step inquiry to determine whether an FLSA action may proceed as a collective action. *Id*. The first step is called the "notice stage" and "involves an analysis of the pleadings and affidavits which have been submitted to determine whether notice should be given to potential class members." *Id*. (quoting *Carter v. Indianapolis Power & Light Co.*, No. IP102CV01812SEBVSS, 2003 U.S. Dist. LEXIS 23398, at *3 (S.D. Ind. Dec. 23, 2003)). "The second step, which usually occurs after discovery has largely been completed, allows a court the opportunity to determine whether the class should be decertified or restricted because various putative class members are not in fact similarly situated as required by the statute." *Id*. During the initial "notice stage," plaintiffs do not have to prove their entire case. Rather, the plaintiffs must make only a threshold showing that they are similarly situated to the employees on whose behalf they seek to pursue claims. *Coan v. Nightingale Home Healthcare, Inc.*, No. 05-CV-0101, 2005 U.S. Dist. LEXIS 15475, at *1 (S.D. Ind. June 29, 2005). This

threshold showing is "relatively modest." *Id*. "[T]o meet their burden, plaintiffs must provide evidence via an affidavit, declaration, or other support beyond allegations in order to make a minimal showing of other similarly situated employees subjected to a common policy." *Id*. Although the first step of certification does not impose a high burden, "'this does not mean that the "modest factual showing" is a mere formality.'" *Simmons v. Broadway Home Improvement Inc.*, No. 14-cv-483, 2014 U.S. Dist. LEXIS 102420, *1 (S.D. Ind. July 28, 2014) (quoting *Campbell v. Advantage Sales & Mktg.*, LLC, No. 09-cv-1430, 2010 U.S. Dist. LEXIS 87077, at *11 (S.D. Ind. Aug. 24, 2010)). The first step serves as an important and functional step in the certification process because it would be a waste of the court's and the litigants' time and resources to notify a large and diverse class only to later determine that the matter should not proceed as a collective action because the class members are not similarly situated. If a court grants conditional certification of a collective action, it "has discretion to authorize notice to similarly situated employees." *Knox v. Jones Grp.*, 208 F. Supp. 3d 954, 958 (S.D. Ind. 2016) (citing *inter alia Alvarez v. City of Chicago*, 605 F.3d at 449 (7th Cir. 2010)). The court also has discretion "to prescribe the form, manner, and timing of notice to ensure that putative members receive 'accurate and timely notice concerning the pendency of the collective action, so that they can make informed decisions about whether to participate.'" *Weninger v. Gen. Mills Operations LLC*, 344 F. Supp. 3d 1005, 1012 (E.D. Wis. 2018) (quoting *Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165, 170 (1989)).

### III.   DISCUSSION

#### A.   Conditional Certification

Among other things, the FLSA prohibits employers from working their employees more than forty hours in a work week without compensating the employees overtime wages at a rate of

at least time and a half for hours worked in excess of forty hours. 29 U.S.C. §§ 207, 215(a)(2). "The FLSA exempts from overtime pay coverage those employed in a 'bona fide executive, administrative, or professional capacity.'" *Mullins v. Target Corp.*, No. 09 C 7573, 2011 U.S. Dist. LEXIS 39997, at *4 (N.D. Ill. Apr. 13, 2011) (quoting 29 U.S.C. § 213(a)(1)). The FLSA provides a procedural mechanism whereby employees may litigate a collective action on behalf of similarly situated employees. *See* 29 U.S.C. § 216(b).

In their Motion, Plaintiffs ask the Court to conditionally certify a collective action for their FLSA claim, arguing that they are similarly situated to their fellow non-exempt employees of Gifted Touch because they were all subject to a common pay practice which violated the FLSA—the nonpayment or underpayment of overtime hours worked (Filing No. 58 at 6). The Defendants do not oppose conditional certification at this step 1 or "notice stage" but reserve the right to subsequently object under the second step of the collective action process (Filing No. 60 at 2). The parties also agree on the collective definition: All present and former non-exempt employees of Gifted Touch, LLC who worked over 40 hours in a workweek and were not paid overtime premiums from March 6, 2022, to the present (Filing No. 58 at 7, Filing No. 70 at 2).

Plaintiffs have met the modest factual burden to show that they are similarly situated to the potential opt-in plaintiffs identified in the collective definition. As shown by the affidavits and earnings records, Plaintiffs were employed by Gifted Touch as health home aids and paid at an hourly rate (*see* Filing No. 57-1, Filing No. 57-2, and Filing No. 57-3). They routinely worked more than 40 hours in a workweek and were not paid overtime premiums for such workweeks. *Id*. Given that the Defendants do not object to this action proceeding as a collective action at this stage of the litigation, the Court finds no reason to deny conditional certification. Accordingly, the conditional certification for the FLSA claim as a collective action is **granted** for the following

collective (the "Collective"): All present and former non-exempt employees of Gifted Touch, LLC who worked over 40 hours in a workweek and were not paid overtime premiums from March 6, 2022, to the present.

B.     **Proposed Notice and Method of Dissemination**

The parties dispute the content, form, and method of dissemination of the Notice and Opt-In Form. Both parties filed their proposed Notices and Opt-In Forms (Filing No. 57-4, Filing No. 70-1). In their Reply to the Defendants' proposed, Plaintiffs state their objections (Filing No. 71). The Court will first address the Notice and then the Opt-In Form and Method of Dissemination.

The parties use the same format for their proposed Notices. However, the Plaintiffs' proposed Notice contains errors including misspellings and references to "Subway," who is not a party to this litigation. (*See* Filing No. 57-4). Accordingly, the Court will work off the Defendants' proposed Notice and take into considerations those objections raised in the Plaintiffs' Reply. The Plaintiffs' Notice is therefore **denied**, and the Defendants' proposed Notice is **approved as modified** as discussed below.

Plaintiffs object to Section 2 of the Defendants' proposed Notice stating that the final sentence of the very last paragraph should be deleted, and the final two paragraphs be consolidated into the following:

> The Court has not ruled which party will prevail in this lawsuit. Gifted Touch disputes Plaintiffs' claims and denies any liability under the FLSA or any other wage and hour statute. Gifted Touch contends it properly paid workers pursuant to the FLSA and any other wage and hour law. Gifted Touch maintains that at all times it acted in good faith in compensating its employees.

(Filing No. 71 at 1). The Court agrees. Section 2 is titled "What Is The Lawsuit About?" The deleted sentence discusses decertification and the possibility of a statute of limitations issue. Such

language is not necessary at this stage and would only serve to confuse potential plaintiffs. The final two paragraphs of Section 2 shall therefore be consolidated into the paragraph stated above.

Next, the Plaintiffs take issue with the final two paragraphs in Section 4 arguing that they have nothing to do with eligibility to participate in the lawsuit and should be eliminated. *Id*. The Court agrees with respect to paragraph 3 but disagrees as to paragraph 4. Section 4 is titled "Eligibility To Participate In The Lawsuit." Paragraph 3 reads, "If you do decide to join the lawsuit this does not automatically mean that you have valid claims and/or that those claims are not barred, or that you are eligible to receive any recovery." This paragraph has nothing to do with eligibility and would serve only to dissuade some potential plaintiffs. However, paragraph 4, which reads, "You may also contact an attorney of your choice. If you do not wish to be a part of the lawsuit you do not need to do anything. This decision to join is entirely yours[,]" does not run the same risk of dissuasion. Moreover, nowhere else in the proposed Notice does it indicate that potential plaintiffs may contact an attorney of their choice concerning their decision to join the lawsuit. Accordingly, paragraph 3 of Section 4 shall be deleted, and paragraph 4 shall remain.

Next, the Plaintiffs state that 45 days to opt-in is a reasonable period of time. *Id*. The Court finds this reasonable as "Courts in this circuit have approved opt-in periods ranging from 45 to 120 days." *Burr v. Loadsmart, Inc.*, 759 F. Supp. 3d 881, 890 (N.D. Ill. 2024) (internal quotation marks and citation omitted). Moreover, the Defendants proposed an opt-in time frame of 60 days (Filing No. 70-1). Accordingly, Section 5 of the Notice titled "How Do I Join The Lawsuit?" shall provide for an opt-in period of 45 days after the Notice is sent.

Plaintiffs also argue that Section 5 should allow for potential plaintiffs to text a filled-out version of the proposed Opt-In Form to Plaintiffs' counsel rather than be limited merely to mail, e-mail, or fax (Filing No. 71 at 2). The Court agrees and the Defendants have provided no authority

7

or reason why the Court should not allow such option. The Court finds that in today's electronic age, potential plaintiffs should not be limited to opting in only via mail, e-mail, or fax as Defendants' proposed Notice suggests. *See Mobley v. Workday, Inc.*, No. 23-cv-00770, 2025 WL 3215337, at *1 (N.D. Cal. Nov. 18, 2025) (approving notice to potential plaintiffs which allowed them to text their completed opt-in forms to plaintiffs' counsel). Accordingly, Section 5 shall add the following fourth option for potential plaintiffs to join the lawsuit by completing the Opt-In Form and submitting it by "Texting it to Ronald Weldy at **(317) 289-0483**."

Next, the Plaintiffs argue that the second paragraph of Section 7 is not necessary and should not be included. Section 7 is titled "What Happens If I Join The Lawsuit?" The second paragraph explains that any potential plaintiff who joins the lawsuit may be required to provide records, answer written questions, or testify under oath and that any potential plaintiff who joins the lawsuit will be bound by any judgment of the Court or settlement between the parties. The Court disagrees with the Plaintiffs and finds that potential plaintiffs should be informed of their possible obligations and that they will be bound should they join the lawsuit. Accordingly, Section 7 shall remain as is.

Plaintiffs then argue that Section 8 is repetitive and should be eliminated because the proposed Notice already states that the Defendants deny any liability as to the claims in this lawsuit. The Court agrees. Section 8 is titled "Do The Defendants Agree That They Are Liable?" However, the proposed Notice already tells potential plaintiffs that the Defendants dispute all claims and deny any liability. Thus, Section 8 of the proposed Notice should be eliminated and the later Sections shifted accordingly.

Plaintiffs' final objection is that Section 9 of the Defendants' proposed Notice, which will now be Section 8 with the above deletion, eliminated too much language from the Plaintiffs' proposed Notice. The Court agrees as to some of the language and finds that Section 9 titled "Can

8

I Be Fired Or Punished By Gifted Touch Because I Participate In This Lawsuit?" shall now be Section 8 with the same title and read as follows:

> No, if you *opt-in* to the FLSA Collective Action by completing and mailing, e-mailing, texting, or faxing the **Green Consent Form**, federal law prohibits Gifted Touch from discharging or retaliating against you or in any manner discriminating against you because you have done so.
>
> Federal law prohibits Gifted Touch from discouraging you to join this lawsuit. Federal Law prohibits Gifted Touch from taking any adverse employment action against you because you have joined this lawsuit.
>
> 29 U.S.C. § 215(3) states – it shall be unlawful for any person – "to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter . . ."

This brings the Court to the Opt-In Form and method of dissemination of the materials. The parties Opt-In Forms do not differ in their language and although the Defendants objected in their Response, the Court can find no meaningful difference between the two proposed forms. The Court finds the Plaintiffs' proposed Opt-In Form to be appropriate and in furtherance of the goals of the FLSA. However, because the Court today finds that potential plaintiffs shall be allowed to opt-in via text, the form should be modified to state, "**RETURN THIS FORM BY E-MAIL, TEXT, FAX, OR MAIL TO**" so that the Court's determination is reflected. Accordingly, the Plaintiffs' proposed Opt-In Form (Filing No. 57-5) is **approved as modified** in the above way.

Lastly, Plaintiffs ask the Court to approve sending the Notice via U.S. mail, e-mail, or text message (Filing No. 58 at 7). While Defendants state that the parties need to agree on how the Notice should be sent, (Filing No. 60 at 4), the Court finds Plaintiffs' request reasonable. "It is common to permit distribution of FLSA opt-in notices by mail, email, and text message, as [P]laintiffs request." *Rivera v. Plateia, Inc.*, 762 F. Supp. 3d 699, 701 (N.D. Ill. 2025) (citing

9

cases). Accordingly, the Court **approves** disseminating the Notice and Opt-In Form via U.S. mail, e-mail, or text message.

## IV.    CONCLUSION

For the reasons discussed above, the Court **GRANTS** Plaintiffs' Motion For Conditional Certification (Filing No. 57), **APPROVES** Defendants' Notice as modified above, **APPROVES** Plaintiffs' Opt-In Form as modified above, and **APPROVES** disseminating the Notice and Opt-In Form via U.S. Mail, e-mail, or text message.

**SO ORDERED**.

Date:   1/12/2026

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution:

Hilary Kathryn Leighty
Krieg DeVault LLP
hleighty@kdlegal.com

Scott Stuart Morrisson
KRIEG DEVAULT LLP
smorrisson@kdlegal.com

William John Schenck
Weldy Law
wschenck@weldylegal.com

Ronald E. Weldy
WELDY LAW
rweldy@weldylegal.com